UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO CARRILLO CARRILLO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Kristi NOEM, in her official capacity as Secretary of Homeland Security, Christopher J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center, Gregory J. ARCHEMBEULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd LYONS, in his official capacity as Acting Director of ICE; and Pamela BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:26-cv-828-JES-DDL<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>[ECF Nos. 1, 2, 6] |

//

//

1

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Artemio Carrillo Carrillo ("Petitioner"). ECF No. 1, ("Pet.") Pursuant to the Court's Order to Show Cause, Respondents ("the Government") filed the Response ECF Nos. 2, 6 ("Res."). Petitioner was provided the opportunity to file a voluntary Traverse but declined to do so.

## I.  BACKGROUND

Petitioner is a 27-year-old citizen of Guatemala who has unlawfully entered, and subsequently been removed from, the United States numerous times since 2016. He last entered this country, without inspection, on June 11, 2021. *Id*. ¶¶ 1, 19. On March 29, 2022, Petitioner was apprehended by Respondents, who provided him with notice of their intent to reinstate his prior removal order ECF No. 6-1, ("Decl."), ¶ 9. Soon thereafter, Petitioner indicated a fear of persecution and was referred to U.S. Citizenship and Immigration Services for a reasonable fear interview by an asylum officer. *Id*. On April 18, 2022, an asylum officer found that Petitioner had a reasonable fear of persecution or torture. *Id*. ¶ 10. The next day, Petitioner was released from custody on an Order of Supervision. *Id*. ¶ 11.

On August 30, 2023, an IJ ordered Petitioner removed to Guatemala, but granted him withholding of removal under 8 U.S.C. § 1231(b)(3). *Id*. at 12; Pet. ¶ 19. As both parties waived their rights to an appeal, the IJ's order became administratively final on that same date. Decl. ¶ 9.

Petitioner alleges that, since being released from custody, he has complied with the conditions of supervised release. Pet. ¶ 19. Nevertheless, on December 18, 2025, Petitioner was re-detained by Respondents, allegedly without cause. *Id*. Petitioner alleges further that, to date, Respondents have failed to provide him with an individualized determination explaining why detention is necessary now. *Id*.

After being detained, Petitioner failed to comply with removal to Mexico. Decl. ¶ 14. And on January 13, 2026, Respondents initiated internal processes to identify an alternative third country that may be willing to accept Petitioner. *Id*. ¶¶ 15-16.

3: 26-cv-828-JES-DDL

Petitioner seeks habeas relief, asserting that his continued detention violates Due Process, 8 U.S.C. § 1231(a), and 8 C.F.R. §1231(a)(6). *Id*. ¶¶ 22-34.

## II. The Response

The Government claims that Petitioner's release was revoked and he was re-detained to execute his pending removal order. Res. at 2. It also contends that Petitioner has been detained for approximately three months, and therefore, has not established undue prejudice or a constitutional violation. *Id.* (citing *Brown v. Holder*, 763 F.3d 1141, 1148–50 (9th Cir. 2014)). Further, Petitioner's continued detention is for a period that is reasonably necessary to effectuate his removal. *Id.*

The Court finds that it is unable to rule on this Petition on this record. The Government's Response is silent as to the regulatory authority under which it revoked Petitioner's release. *See generally* Res. And while it claims it provided Petitioner with written notice of revocation of release and conducted the informal interview on the day he was detained, it failed to provide the Court with any supporting documents. This prevents the Court from analyzing the notice of revocation of release's sufficiency and whether the timing of the informal interview prejudiced Petitioner.

Accordingly, the Court **ORDERS** Respondents to **FILE** a status report by **March 2, 2026**, including at least the following information:

(1) Copies of Petitioner's Notice of Revocation of Supervised Release and informal interview forms;

(2) What were the circumstances surrounding Petitioner's removal to Mexico (i.e., when was Mexico identified and agreed to accept Petitioner, was Petitioner given written notice of the Government's intent to remove him to Mexico, whether Petitioner was referred to USCIS for a credible fear determination, what is Respondents' process for such a removal to Mexico, what does it mean that Petitioner failed to comply with removal to Mexico);

(3) What internal and external steps have Respondents made to identify a viable third country to which Petitioner may be removed; what progress has resulted from such conduct; If a viable third country has been identified, what is Respondent's success rate for removing noncitizens to that country; if credible fear is assert by the Petitioner, what is USCIS' current processing time for such claims; how long has it taken, on average, for Respondents to remove noncitizens to that country;

(4) How many more months do Respondents reasonably believe it will take to remove Petitioner to a third country.

Petitioner may file a voluntary status report in response to Respondents' report by **March 2, 2026.**

   **IT IS SO ORDERED.**

Dated: February 25, 2026

Honorable James E. Simmons Jr.
United States District Judge