UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO CARRILLO CARRILLO,<br><br>                     Petitioner,<br><br>v.<br><br>Kristi NOEM, in her official capacity as Secretary of Homeland Security, Christopher J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center, Gregory J. ARCHEMBEULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd LYONS, in his official capacity as Acting Director of ICE; and Pamela BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,<br><br>                     Respondents. | Case No.: 3:26-cv-828-JES-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

     Before the Court is Petitioner Artemio Carrillo Carrillo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response. ECF

//

Nos. 2, 6 ("Res."). Petitioner was provided with the opportunity to file a voluntary Traverse but did not. *See* ECF No. 7.

Upon its review of the parties' papers, the Court found that there was an insufficient record for it to adjudicate this matter. *See* ECF No. 7. Accordingly, the Court ordered Respondents to provide supplemental briefing. *Id*. Respondents complied with the Court's order by filing its timely Status Report. ECF No. 8. Petitioner was, again, provided with the opportunity to file a voluntary brief, in response to the Status Report, but declined to do so. *See* ECF No. 7. Thereafter, the Court took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition for Writ of Habeas Corpus.

## I.   BACKGROUND

In the Order requesting supplemental briefing, the Court discussed the factual background of this action. *See* ECF No. 7. In the interest of judicial efficiency, the Court declines to do so again.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or

confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### III. DISCUSSION

Petitioner seeks habeas relief, asserting that his continued detention violates Due Process, 8 U.S.C. § 1231(a), and 8 C.F.R. §1231(a)(6). Pet. ¶¶ 22-34. In response, the Government claims that it revoked Petitioner's release and re-detained him to execute his pending removal order. Res. at 2. It also contends that Petitioner has only been detained for approximately three months, and he therefore, has not established undue prejudice or a constitutional violation. *Id.* (citing *Brown v. Holder*, 763 F.3d 1141, 1148–50 (9th Cir. 2014)). Further, the Government contends that Petitioner's continued detention is for a period that is reasonably necessary to effectuate his removal. *Id*. Thus, the Court should deny the Petition. *Id*.

#### A. Jurisdiction

As a threshold matter, the Government makes no arguments regarding the Court's jurisdiction. *See generally* Res. However, the Court finds it prudent to ensure it may hear this Petition. This issue was recently addressed by the undersigned in *Saengphet v. Noem, et al.*, No. 25-cv-2909-JES-BLM, 2025 WL 3240808, at *2-3 (S.D. Cal. Nov. 20, 2025). The Court, therefore, adopts its reasoning as to this issue and incorporates it by reference. *See also Martinez Lopez v. Noem et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025) (holding same).

Accordingly, the Court finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's habeas petition. Thus, the Court has jurisdiction over this action.

#### B. Petitioner's *Zadvydas* Claim

The Supreme Court has held that a six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Zadvydas v. Davis*, 533 U.S.

678, 701 (2001). The Court has also instructed that release is not mandated, after the expiration of the six-month period, unless "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

On August 30, 2023, Petitioner was ordered removed to Guatemala but was also granted withholding of removal. Ramirez Decl. ¶ 12; Pet. ¶ 19; *see* 8 U.S.C. § 1231(b)(3). The parties waived their appeal rights, therefore, that order became administratively final. Ramirez Decl. ¶ 9; *see Garcia v. Lynch*, 786 F.3d 789, 798 (9th Cir. 2015). Thus, Petitioner's removal period began on August 30, 2023, and ended on November 28, 2023. *See* 8 U.S.C. §§ 1231(a)(1)(B)(i), 1231(a)(1)(C).

Petitioner was not in custody when his final order of removal was issued. Pet. ¶¶ 11, 19. Therefore, Petitioner's post-removal detention period began recently, when Respondents re-detained him, on December 18, 2025. Pet. ¶ 19. Accordingly, the Court finds that, to date, Petitioner has been detained for approximately three months—which, at this time, comports with *Zavaydas*.

### C. Respondents' Regulatory Noncompliance Violates Due Process

The Court finds that the Government failed to comply with its own regulations when it revoked Petitioner's supervised release and will, therefore, order his release.

This issue has recently been addressed by several district courts in this Circuit and across the nation. This Court, along with many others, has overwhelmingly reached the following two holdings. First, the issuance of a Revocation of Supervised Release Form ("Notice") that fails to adequately inform a petitioner of the reasons why their release was revoked, violates federal regulations. *See Saengphet*, 2025 WL 3240808, at *3-8; *see also Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 780 (D. Minn. 2025) ("Simply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition."); *M.S.L. v. Bostock*, No. 6:25-cv-01204-AA, 2025 WL 2430267, at *4, 10–11 (D. Or. Aug. 21, 2025); *Hashemi v. Noem*, ---

F.Supp.3d ----, 2025 WL 3468694, at *5 (C.D. Cal. 2025). Such conduct substantially prejudices petitioner from meaningfully responding to the reasons stated in the Notice, when challenging their detention in the informal interview. *See Saengphet*, 2025 WL 3240808, at *7; *McSweeney v. Warden of Otay Mesa Det. Facility*, No. 25-cv-02488-RBM-DEB, 2025 WL 2998376, at *6 (S.D. Cal. Oct. 24, 2025); *Vo v. Wofford*, No. 25-CV-01530-JLT-SKO (HC), 2025 WL 3718823, at *4 (E.D. Cal. Dec. 22, 2025).

Second, the Government lacks regulatory authority to revoke a noncitizen's release, and violates its own regulations, when it is unable to show sufficient evidence that a determination took place before, or at, the time it re-detained petitioner, based on changed circumstances, which justified the revocation of petitioner's release. *See Saengphet*, 2025 WL 3240808, at *4-7; *see also Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1098 (S.D. Cal. 2025); *Tran v. Noem*, No. 3:25-CV-02391-BTM-BLM, 2025 WL 3005347, at * 2 (S.D. Cal. Oct. 27, 2025). The Court, therefore, adopts its prior reasoning stated in *Saengphet*, with respect to these holdings, by reference. 2025 WL 3240808, at *4-7.

The Government contends that Petitioner's detention is lawful because 8 C.F.R. § 241.13 authorized it to revoke his release as it determined that, based on "changed circumstances" stated in the Notice, there was a "significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R § 241.13(i)(2); *see* ECF No. 8-1 at 1, ("Not."); Ramirez Decl. ¶ 13. The Court disagrees and finds that the Government violated its own regulations when it revoked Petitioner's release because it failed to: (1) provide Petitioner with a Notice that adequately informed him of the reasons his release was revoked; (2) show sufficient evidence that prior to, or at the time of Petitioner's re-detention, a determination based on changed circumstances took place which justified the revocation of Petitioner's release; and (3) provide Petitioner with a meaningful opportunity to contest his detention, when it conducted the informal interview—on the same day that Petitioner received the Notice. In sum, Respondents' conduct violated Petitioner's due process rights.

//

### 1. Lack of Adequate Notice

The Notice Respondents provided to Petitioner is wholly conclusory as it fails to sufficiently inform Petitioner as to why his release was revoked. *See Sarail*, 2025 WL 2533673, at *10. This is evidenced by the Notice's general reference to Petitioner's alien file and removal order but failure to state any specific facts that constitute changed circumstances in support of ICE's determination that there is a "significant likelihood that the alien may be removed in the reasonably foreseeable future." *See* 8 C.F.R § 241.13(i)(2); *see* Not.

The Court acknowledges that, in the Notice, the Government indicates its intent attempt to remove Petitioner "to a third country of Mexico," a country that Petitioner has successfully been removed to in the past. *See* Not; Ramirez Decl. ¶ 7. However, the Notice is void of any accompanying facts or information that explain why or how this fact even affects Respondents' ability to remove Petitioner in the reasonably foreseeable future. *See* Not. It does not indicate whether Mexico has agreed to accept Petitioner or when the Government foresees Petitioner's contemplated removal to Mexico may take place. *Id*.

Moreover, this regulatory scheme permits a noncitizen the opportunity to contest their re-detention, in the informal interview. *See* 8 C.F.R § 241.13(3). But to do so successfully, Petitioner must adequately "respond to the reasons for revocation stated in the [Notice]." *Id*. When a noncitizen is not informed of the reasons for which they were re-detained, it is essentially impossible for them to adequately respond to them and secure their own freedom. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing."); *see also McSweeney*, 2025 WL 2998376, at *6 ("Petitioner could not have meaningfully responded to the proffered reasons for revocation when he had not yet even been informed of those reasons.").

Here, the Notice lacked any details and/or specific facts to sufficiently inform Petitioner of the reasons for which Respondents revoked his release, as required by their

own regulations. Therefore, the Court finds that the Government violated 8 C.F.R § 241.13(3).

### 2. Lack of Regulatory Authority

The Notice fails to establish, and the Government has failed to produce any evidence of its pre-detention determination which relied on, any changed circumstances that would make it significantly likely that Petitioner may be removed in the reasonably foreseeable future. 8 C.F.R § 241.13(i)(2); *see* Not. In the absence of such proof, the Court must find that the Government lacked the regulatory authority to revoke Petitioner's release when it did so.

### 3. Lack of a Meaningful Opportunity to be Heard

The Court finds that the Government violated its regulations when it conducted Petitioner's informal interview on the same day that it issued him the defective Notice. *See* ECF No. 8-2 at 3. Doing so, under the imposed time constraints, deprived Petitioner of a meaningful opportunity to contest his detention, which violated his due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

"[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "The interest in being free from physical detention" is "the most elemental of liberty interests." *Hamdi*, 542 U.S. at 529; *see United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention ... is the carefully limited exception."); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (2022) ("An individual's private interest in freedom from prolonged detention is unquestionably substantial.") (citations omitted). A person at risk of a suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews*, 424 U.S. at 335.

Federal regulations require that after a noncitizen is re-detained, and has been provided with a Notice, the Government will "promptly" conduct their informal interview. *See* 8 C.F.R § 241.13(i)(3). During this interview, the noncitizen has an opportunity to

contest their detention by adequately responding to the stated reasons in the Notice. *Id.* To overcome the Notice's stated justifications, "[t]he [noncitizen] may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." *Id.*

Government agencies are required to follow their own regulations. *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have found that when the Government fails to follow its own regulations when revoking release, the detention is unlawful, and the petitioner's release must be ordered. *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 169-170 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 387 (D. Mass. 2017); *M.S.L. v. Bostock*, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025); *Truong v. Noem et al.*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025).

Here, Petitioner was re-detained on December 18, 2025, at 8:00 a.m. ECF No. 8-2 at 2. And on that same day, Respondents not only provided Petitioner with his Notice, but also conducted his informal interview. ECF No. 8-1 at 3.

The Court acknowledges that the regulations require the informal interview to take place "promptly" after a noncitizen is re-detained. 8 C.F.R § 241.13(3). However, when the informal interview is conducted on the same day that the Notice is issued, the Government essentially bars the noncitizen from being able to submit any evidence or information that may show that the revocation of their release is unlawful. *See id*. The Court find that this conduct violates 8 C.F.R § 241.13(3). *Kiwana v. LaRose,* No. 3:25-CV-3678-JES-SBC, 2026 WL 102661, at *6 (S.D. Cal. Jan. 14, 2026).

Petitioner's circumstances, here, were even worse. He was subjected to an extremely brief timeline and was forced to blindly contest his detention because his Notice was defective, as it lacked sufficient detail and/or facts. *See supra,* at III-A-1. This resulted in substantial prejudice to Petitioner, who was deprived of an "opportunity to be heard, in a meaningful manner and at a meaningful time." *Mathews*, 424 U.S. at 335.

The Court, therefore, finds that the Government failed to provide Petitioner a meaningful opportunity to contest his detention, as required by its regulation. *Id.*; 8 C.F.R § 241.13(i)(3). Which in turn, violated Petitioner's Fifth Amendment Due Process rights. *See Bonitto v. Bureau of Immigr. & Customs Enf't*, 547 F. Supp. 2d 747 (S.D. Tex. 2008) (finding that 8 C.F.R. § 241.13 reflects the *Zadvydas* Court's concerns and "provide necessary procedural safeguards to ensure the detention of an alien beyond the removal period comports with due process requirements. Because these regulations confer important rights upon aliens ordered removed, DHS is bound by these regulations.").

## IV. CONCLUSION

In sum, the Government failed to follow its own regulations when it failed to: (1) provide Petitioner with adequate notice of the reasons why his release was revoked. This substantially prejudiced him from meaningfully challenging his detention in the informal interview; (2) show sufficient evidence that prior to, or at the time of Petitioner's re-detention, a determination based on changed circumstances took place which justified the revocation of Petitioner's release; and (3) provide Petitioner with a meaningful opportunity to contest his detention, when it conducted the informal interview on the same day that it provided him the Notice.

The Government's regulatory noncompliance violated Petitioner's due process rights. Accordingly, Petitioner's habeas Petition is **GRANTED**.

Based on the foregoing:

(1) The Court **GRANTS** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2) Respondents are **ORDERED** to immediately **RELEASE** Petitioner from custody, under the same conditions as previously imposed, and to **FILE** a Notice of Compliance, no later than **March 11, 2026,** confirming that Petitioner has been released;

1  (3)  In the event Petitioner seeks further habeas relief arising from the Government's conduct related to its future execution of his removal order, Petitioner must **FILE** a new Petition; and

(4)  The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: March 9, 2026

*[signature]*

Honorable James E. Simmons Jr.
United States District Judge